UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

———————————————————
                                              )
UNITED STATES OF AMERICA          )
                                              )
             v.                                )          Criminal No. 02-008 (PLF)
                                              )          Civil Action No. 16-01181 (PLF)
JESSE TOUSSAINT ANDERSON,       )
                                              )
             Defendant.                    )
———————————————————)

OPINION AND ORDER

          Pending before the Court is defendant Jesse Toussaint Anderson's Motion

Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Def. Mot.") [Dkt. No. 22],

as amended by his Supplemental Motion to Vacate Judgment Under 28 U.S.C. § 2255

("Def. Supp.") [Dkt. No. 25].  Mr. Anderson argues that, in light of the Supreme Court's holding

in Johnson v. United States ("Johnson"), 576 U.S. 591 (2015), he does not qualify as an armed

career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  See Def.

Supp. at 1.  Mr. Anderson also asserts that he "should not have received any sentencing

enhancement" under Section 2K2.1(a)(2) of the U.S. Sentencing Guidelines ("U.S.S.G."), and is

"actually innocent" of his 18 U.S.C. § 924(c) charge.  Id.  Upon careful consideration of the

parties' papers and the entire record in this case, the Court will deny Mr. Anderson's motion.[1]

———————————————
          [1]          The Court has reviewed the following documents in connection with the pending
motion:  Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence
("Def. Mot.") [Dkt. No. 22]; Defendant's Supplemental Motion to Vacate Judgment Under
§ 2255 ("Def. Supp.") [Dkt. No. 25]; United States' Partial Opposition to Defendant's Motion
and Supplemental Motion to Vacate Judgment Under § 2255 ("Govt. Opp.") [Dkt. No. 30];
Defendant's Reply Memorandum in Support of Motion and Supplemental Motion to Vacate
Judgment Under § 2255 ("Def. Reply") [Dkt. No. 33]; United States' Supplemental Opposition
to Defendant's Motion and Supplemental Motion to Vacate Judgment Under § 2255

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On January 9, 2002, a grand jury returned a five-count indictment against Jesse Toussaint Anderson:  two counts of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d) (Counts One and Three), two counts of use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (Counts Two and Four), and one count of unlawful possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(e) (Count Five).  See Indictment [Dkt. No. 7]; see also Def. Supp. at Ex. A.  Regarding Count Two, the grand jury alleged that the "crime of violence" underlying Mr. Anderson's Section 924(c) charge was the armed bank robbery specified in Count One.  See Indictment at 2.

On March 15, 2002, Mr. Anderson pled guilty to Counts One, Two, and Five of the indictment:  one count of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d) (Count One), one count of use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (Count Two), and unlawful possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(e) (Count Five). See Plea Agreement [Dkt. No. 20]; see also Govt. Opp. at Ex. 1.

---

("Govt. Supp. Opp.") [Dkt. No. 40]; Defendant's Supplemental Reply In Support of Motion and Supplemental Motion to Vacate Judgment Under § 2255 ("Def. Supp. Rep.") [Dkt. No. 41]; Defendant's Supplemental Brief in Response to Court's Feb. 25, 2020 Order ("Def. 1st Supp. Br.") [Dkt. No. 43]; United States' Supplemental Brief in Response to Court's Feb. 25, 2020 Order ("Govt. 1st Supp. Br.") [Dkt. No. 44]; Defendant's Supplemental Brief Addressing Borden v. United States, 141 S. Ct. 1817 (2021) ("Def. 2nd Supp. Br.") [Dkt. No. 50]; United States' Supplemental Brief Addressing Borden v. United States ("Govt. 2nd Supp. Br.") [Dkt. No. 53]; Defendant's Reply to Government's Supplemental Brief Addressing Borden v. United States ("Def. 2nd Supp. Rep.") [Dkt. No. 54]; Defendant's Amended Notice of Additional Authority Addressing United States v. Burwell, 122 F.4th 989 (D.C. Cir. 2024) ("Def. 3d Supp. Br.") [Dkt. No. 59]; United States' Supplemental Brief Addressing United States v. Burwell ("Govt. 3d Supp. Br.") [Dkt. No. 66]; and Defendant's Opposition to Government's Supplemental Filing ("Def. 3d Supp. Rep.") [Dkt. No. 67].

The Presentence Investigation Report ("PSR") prepared before Mr. Anderson's

sentencing listed nine prior criminal convictions, PSR ¶¶ 26-34, including the following:

> (i) A 1992 conviction for robbery with a deadly weapon in the
> Circuit Court for Prince George's County, Maryland,
> Case No. CT 912284B.  See id. ¶ 31.

> (ii) A 1993 conviction for possession of a controlled dangerous
> substance with intent to distribute in the Circuit Court for
> Frederick County, Maryland, Case No. 14208.  See id. ¶ 32.

> (iii) A 1997 conviction for robbery with a deadly weapon in the
> Circuit Court for Prince George's County, Maryland,
> Case No. CT961660X.  See id. ¶ 33.

The PSR stated that as a result of his prior convictions, Mr. Anderson's base criminal history

score was 15.  See id. ¶ 35.  But because Mr. Anderson was under a criminal justice sentence at

the time he committed the instant offense, two points were added to his criminal history score

pursuant to U.S.S.G. § 4A1.1(d).  See PSR ¶ 36.  And since the instant offense was committed

less than two years after Mr. Anderson was imprisoned or released from custody for a criminal

justice sentence, one more point was added to his criminal history score.  See id. ¶ 37.  Mr.

Anderson thus had a total criminal history score of 18 points and—given his status as a career

offender under U.S.S.G. § 4B1.1—the PSR stated that his criminal history category "must be

Criminal History Category VI" pursuant to U.S.S.G. Chapter 5, Part A.  Id. ¶¶ 38, 39.

As for Mr. Anderson's offense level under the Sentencing Guidelines, his base

offense level was 24, see U.S.S.G. § 2K2.1(a)(2), since he "committed the instant offense

subsequent to sustaining at least two felony convictions of either crimes of violence or [a]

controlled substance offense," namely, "a conviction for Robbery With a Deadly Weapon in

Maryland in 1992 [and] a conviction for Possession of a Controlled Substance With Intent to

Distribute in Maryland in 1993."  PSR ¶ 18.  And because Mr. Anderson was convicted under

the ACCA, the PSR classified him as an "armed career criminal" and increased his offense level

to 34 pursuant to U.S.S.G. § 4B1.4(b)(2).  PSR ¶ 22.  But because Mr. Anderson "demonstrated an acceptance of responsibility" for the instant offense and "assisted authorities in the investigation/prosecution" of his own misconduct, his offense level was decreased by three levels under U.S.S.G. §§ 3E1.1(a) and (b).  PSR ¶ 23.  At an offense level of 31 and a Criminal History category of VI, the PSR determined that Mr. Anderson's sentencing guidelines range for Counts One and Five grouped together was between 188 and 235 months of imprisonment, to run concurrently, plus an additional mandatory minimum term of 84 months for his Section 924(c) charge under Count Two, to run consecutively.  See id. ¶¶ 70-73; see also 18 U.S.C. § 924(c)(l)(A)(ii).

On May 29, 2002, Judge Richard W. Roberts sentenced Mr. Anderson to an aggregate term of 384 months in prison: 300 months on Counts One and Five grouped, and 84 months on Count Two.  See Judgment [Dkt. No. 12] at 1.  Judge Roberts ordered that the sentences for Counts One and Five run concurrently, while the 84-month sentence on Count Two—the Section 924(c) charge—would run consecutively.  See Judgment at 2; see also 18 U.S.C. § 924(c)(1)(D)(ii).  Mr. Anderson is currently projected to be released from the Federal Bureau of Prisons on December 8, 2030.  See Inmate Locator, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/mobile/find_inmate/index.jsp (search for Reg. No. 24604-016).

On June 20, 2016, Mr. Anderson filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, challenging his conviction under 18 U.S.C. § 924(c), his sentence under the ACCA, 18 U.S.C. § 924(e), and his sentence under U.S.S.G. § 2K2.1.  See Def. Mot.  On October 26, 2016, Mr. Anderson supplemented his Section 2255 motion, arguing in greater detail that after the Supreme Court's decision in Johnson, he "does not qualify as an armed career criminal and is ineligible for the sentencing enhancement under U.S.S.G.

4

§ 2K2.1(a)(2)" because his "prior Maryland convictions for robbery with a deadly weapon" do not qualify as "violent felonies" or "crimes of violence." Def. Supp. at 3-4. Mr. Anderson also argues that he is "actually innocent" of the Section 924(c) charge because his "predicate offense of aggravated bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d) does not qualify as a 'crime of violence' under § 924(c)'s elements clause." Def. Supp. at 4-5. The parties have fully briefed the issues, and Mr. Anderson's Section 2255 motion is now ripe for decision.

## II.  DISCUSSION

A federal prisoner may move to vacate, set aside, or correct a sentence if they believe that the sentence was imposed, among other things, "in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). As the movant, Mr. Anderson "bears the burden of establishing a denial of constitutional rights by a preponderance of the evidence." United States v. Clark, 382 F. Supp. 3d 1, 27 (D.D.C. 2019) (citing Daniels v. United States, 532 U.S. 374, 381-82 (2001)). Upon determining that a sentence has been imposed unlawfully, the Court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." United States v. Cross, 256 F. Supp. 3d 46, 47 (D.D.C. 2017) (quoting 28 U.S.C. § 2255(b)); see also United States v. Palmer, 854 F.3d 39, 49 (D.C. Cir. 2017).

The government asserts that Mr. Anderson's Section 2255 claims fail at the outset because they are untimely and have been procedurally defaulted. See Gov't Opp. at 11-15. The Court need not address this argument because even assuming that Mr. Anderson's claims are timely and are not procedurally barred, they nevertheless fail on the merits. See United States v. Washington, Criminal No. 18-13 (RC), 2020 WL 6262095, at *2 (D.D.C. Oct. 23, 2020); see also United States v. Bonner, 521 F. Supp. 3d 554, 561 (M.D. Pa. 2021).

### A. *18 U.S.C. § 924(e) – The ACCA Claims*

Under the ACCA, 18 U.S.C. § 924(e), any person convicted of possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g) is subject to a mandatory minimum sentence of 15 years, or 180 months, in prison if the sentencing court determines that that person has three prior convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). The ACCA defines a "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>>
>> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). In 2015, the Supreme Court concluded that the second clause of Section 924(e)(2)(B)(ii) (". . . or otherwise involves conduct that presents a serious potential risk of physical injury to another") is unconstitutionally vague. Johnson, 576 U.S. at 606. So to qualify as a "violent felony," an offense must either "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i), or be "burglary, arson, or extortion, [or] involve[ ] use of explosives." Id. § 924(e)(2)(B)(ii). Generally, these are known as the "elements clause" and the "enumerated clause," respectively. See United States v. Redrick ("Redrick"), 841 F.3d 478, 480 & n.3 (D.C. Cir. 2016).

Recall that Mr. Anderson's PSR lists the following relevant prior convictions: (i) a 1992 conviction for Maryland robbery with a deadly weapon, see PSR ¶ 31, (ii) a 1993 conviction for Maryland possession of a controlled dangerous substance with intent to distribute,

see id. ¶ 32, and (iii) a 1997 conviction for Maryland robbery with a deadly weapon.  See id.

¶ 33.[2]  The government contends that Mr. Anderson's 1992 and 1997 convictions for Maryland

robbery with a deadly weapon qualify as "violent felonies" under the ACCA's elements clause,

and that his 1993 conviction for possession of a dangerous controlled substance qualifies as a

"serious drug offense" as defined by Section 924(e)(2)(A) of the ACCA.  See Govt. Opp. at 5

n.8.  According to the government, these three prior convictions are sufficient to classify Mr.

Anderson as an "armed career criminal" under the ACCA, meaning that he was rightfully subject

to the mandatory minimum sentence of 15 years, or 180 months, on Counts One and Five.  Id.;

see also 18 U.S.C. § 924(e).

　　　　　Mr. Anderson does not dispute that his 1993 conviction for possession of a

controlled dangerous substance qualifies as a "serious drug offense," under the ACCA, see

Govt. Opp. at 5 n.6, but he asserts that his 1992 and 1997 convictions for Maryland robbery with

a deadly weapon—also known as "Maryland armed robbery"—do not categorically qualify as

"violent felonies" under the ACCA's elements clause.  He argues that a conviction under the

Maryland armed robbery statute does not "require proof of an element of the use of strong

physical force against a person."  Def. Supp. at 22 (emphasis in original); see also 18 U.S.C.

§ 924(e)(2)(B)(i).

　　　　　At the time of Mr. Anderson's convictions, the offense of common law robbery

was incorporated into two provisions of the Maryland Code.  The first provision provided:

"[e]very person convicted of the crime of robbery, or as accessory thereto before the fact,

---

[2]　　　　Mr. Anderson also discusses his prior conviction for a 1997 Maryland assault
with intent to rob at length.  See Def. Supp. at 25-30.  The Court need not address the relevance
of this particular prior conviction because Mr. Anderson has three other qualifying prior
convictions under the ACCA, see 18 U.S.C. § 924(e)(2)(B)(i), and two qualifying prior
convictions that qualify as "crimes of violence" under Section 2K1.1(a)(2) of the U.S.S.G.

shall . . . be sentenced to the penitentiary for not less than three nor more than ten years." MD. CODE, Art. 27 § 486 (now repealed).  The second provision provided:  "[e]very person convicted of the crime of robbery or attempt to rob <u>with a dangerous or deadly weapon</u> or accessory thereto, shall . . . be sentenced to imprisonment in the Maryland Penitentiary for not more than twenty years."  MD. CODE, Art. 27 § 488 (now repealed) (emphasis added).  The Court of Appeals of Maryland has held that the offense of Maryland armed robbery requires the prosecution to prove that the defendant committed:  (1) "[a] felonious taking and carrying away of the personal property of another from his person by the use of violence or by putting in fear," (2) while using a "dangerous or deadly weapon."  <u>Williams v. State</u>, 302 Md. 787, 792-93 (1985).  A "dangerous or deadly" weapon is one that is "(1) designed as 'anything used or designed to be used in destroying, defeating, or injuring an enemy, or as an instrument of . . . combat'; (2) under the circumstances of the case, immediately useable to inflict serious or deadly harm . . .; or (3) actually used in a way likely to inflict that sort of harm."  <u>Brooks v. State</u>, 314 Md. 585, 600 (1989) (quoting <u>Bennett v. State</u>, 237 Md. 212, 214-15 (1964)).

        With these elements defined by state law, every circuit court to consider the question—including the D.C. and Fourth Circuits—has concluded that Maryland armed robbery qualifies as a "violent felony" under the ACCA's elements clause.  <u>Redrick</u>, 841 F.3d at 484-85; <u>see</u> <u>also</u> <u>United States v. Bell</u>, 901 F.3d 455, 472 (4th Cir. 2018) (concluding that Maryland robbery with a deadly weapon is a "violent felony" under the ACCA); <u>United States v. Warren</u>, 723 F. App'x 155, 165 (3d Cir. 2018) (unpublished) (concluding that Maryland robbery with a deadly weapon satisfies the ACCA's elements clause); <u>see</u> <u>also</u> <u>United States v. Segovia</u>, 770 F.3d 351, 355 (5th Cir. 2014) (concluding that Maryland armed robbery qualifies as a "crime of violence" under an identical elements clause in U.S.S.G. § 2L1.2).

In <u>Redrick</u>, the D.C. Circuit concluded that Maryland robbery with a deadly weapon—which requires "the use of a dangerous or deadly weapon"—"contains 'as an element the use, attempted use, or threatened use of physical force against the person of another,'" and therefore qualifies as a "violent felony" under the ACCA's elements clause. <u>Redrick</u>, 841 F.3d at 484 (quoting 18 U.S.C. § 924(e)(2)(B)(i)). More specifically, the court found that the offense's "element of 'use' of a dangerous or deadly weapon supplies at minimum a 'threat' of physical force against the person of another," and "because the means employed is a 'dangerous or deadly weapon,' the required degree of force—that is, 'violent force'—is present." <u>Id.</u>

In his reply, Mr. Anderson concedes that the D.C. Circuit's opinion in <u>Redrick</u>—which was issued after Mr. Anderson filed his Section 2255 motion and supplement—"forecloses a finding in this Court that [his] prior convictions for Maryland robbery with a deadly weapon do not qualify categorically as violent felonies." Def. Reply at 5. But Mr. Anderson insists that <u>Redrick</u> is distinguishable for two reasons: First, he argues that the court of appeals inappropriately applied the "realistic probability" test to reject the argument that Maryland robbery with a deadly weapon could be committed: (i) using "a weapon such as poison, an 'open flame,' or 'lethal bacteria'", and (ii) "by threats against or damage to property and, therefore, . . . could include conduct that is not a threat against the person." Def. Reply at 5 (quoting <u>Redrick</u>, 841 F.3d at 484-85). According to Mr. Anderson, "in a case like this one (and <u>Redrick</u>), asking the purely legal question of whether the elements of the crime require the use, attempted use, or threatened use of violent force against a person, the realistic probability test is not appropriate." Def. Reply at 6. Second, Mr. Anderson argues that even under the realistic probability test, the <u>Redrick</u> court "disregarded" dicta from two Maryland Court of Special Appeals cases that hypothesize scenarios where Maryland robbery with a deadly weapon

9

could be "committed by a threat made or damage to property." Def. Reply at 6 (discussing

Redrick's treatment of Giles v. State, 8 Md. App. 721, 723 (1970), and Douglas v. State, 9 Md.

App. 647, 654 (1970)); see also Redrick, 841 F.3d at 485.[3]

        The Court does not find either of these arguments persuasive. First, the Redrick

court did not reject the defendant's de minimis force argument solely on the basis of the

"realistic probability" test. Rather, the court expressed "doubt" that "a weapon such as poison,

an 'open flame,' or 'lethal bacteria' . . . could be administered without at least some level of

physical force." Redrick, 841 F.3d at 485.[4] And for support, the court cited United States v.

Castleman ("Castleman"), 572 U.S. 157, 170 (2014), in which the Supreme Court reasoned that

poison and other "indirect" causes of physical harm require common-law "force." See

Redrick, 841 F.3d at 485.[5] It was only after this self-contained analysis that the court of appeals

in Redrick explained that "in any event," the defendant's de minimis force hypotheticals were

"too farfetched to give [the court] pause," and applied the "realistic probability" test articulated

---

[3]      As Mr. Anderson acknowledges, the appellant in Redrick filed petitions for rehearing and rehearing en banc, in which he raised substantially similar arguments to the ones Mr. Anderson raises here. See Def. Reply at 8 n.3; see also United States v. Redrick, Civil Action No. 14-3053, Reh'g Pets. (D.C. Cir. Dec. 23, 2013) [Dkt. No. 1652925]. The D.C. Circuit denied the petitions. See Order of Jan. 27, 2017 [Dkt. No. 1657948]; Order of Jan. 27, 2017 [Dkt. No. 1657949]. Mr. Anderson asserts that he "nonetheless advances these arguments for preservation purposes." Def. Reply at 8 n.3.

[4]      In United States v. Smith, the D.C. Circuit more definitively stated that "poisoning someone counts as using physical force 'because the bodily injury caused by the poison would necessarily involve the use of force within the common law meaning[.]'" 104 F.4th 314, 324 (D.C. Cir. 2024) (quoting United States v. Carr, 946 F.3d 598, 604 (D.C. Cir. 2020)). Smith closes the door on Mr. Anderson's "proposed distinction between direct force (such as striking someone) and indirect force (such as poisoning them)." Id.

[5]      In his reply, Mr. Anderson explains why he disagrees with the Redrick court's reading of Castleman. See Def. Reply at 7. But the Court does not find Mr. Anderson's interpretation of Castleman more persuasive than the D.C. Circuit's.

by the Supreme Court in <u>Gonzales v. Duenas-Alvarez</u>, 549 U.S. 183, 193 (2007).  <u>Redrick</u>, 841

F.3d at 485.  Because the court of appeals in <u>Redrick</u> considered and rejected the defendant's <u>de</u>

<u>minimis</u> force argument independently of its "realistic probability" analysis, and absent an

intervening change in the law, Mr. Anderson's argument on this point is unavailing.[6]

   Mr. Anderson's second argument is also unpersuasive.  He asserts that "Maryland

robbery can be committed via threats of injury to <u>property</u>," and "threats to property involve no

use, attempted use, or threatened use of force whatsoever 'against the <u>person</u> of another.'"  Def.

Suppl. at 22 (quoting 18 U.S.C. § 924(e)(2)(B)(i)).  In making this argument, Mr. Anderson

relies on <u>Giles v. State</u>, 8 Md. App. at 723 (stating that the "fear" required to commit common

law robbery "may be of injury to the person <u>or to property</u>, as for example, a threat to burn down

a house" (emphasis added)), and <u>Douglas v. State</u>, 9 Md. App. at 654 (same).  But in <u>Redrick</u>,

the D.C. Circuit was presented with the same argument and the same case law, and still rejected

the defendant's argument that Maryland robbery with a deadly weapon "could be committed by

threats against or damage to property and, therefore . . . could include conduct that is not a threat

against a person."  <u>Redrick</u>, 841 F.3d at 485 (holding that Maryland robbery with a deadly

weapon, which is "accomplished by the use of a 'dangerous or deadly weapon,' explicitly

contemplates bodily harm [because] weapons are 'deadly' to humans, not property."); <u>see also</u>

---

   [6] Even without the benefit of <u>Redrick</u>, the Court would conclude that Maryland robbery with a deadly weapon requires the use of physical force as required by <u>Johnson</u>.  Recall that in order to be convicted of Maryland armed robbery, a defendant must commit robbery with a weapon that is either (1) "designed to be used in destroying, defeating, or injuring an enemy, or as an instrument of offensive or defensive combat"; (2) "under the circumstances of the case, immediately useable to inflict serious or deadly harm (e.g., unloaded gun or starter's pistol useable as a bludgeon)"; or (3) "actually used in a way likely to inflict that sort of harm (e.g., microphone cord used as a garrote)."  <u>Brooks v. State</u>, 314 Md. at 552.  As Judge Bates observed in <u>United States v. Moore</u>, 149 F. Supp. 3d 177 (D.D.C. 2016) when presented with the same argument, "the Court cannot see how it is possible" for a defendant to commit robbery with such a weapon without using or threatening to use "'physical force,' i.e., force capable of causing physical pain or injury.  That is true even for poisons, gases, and the like."  <u>Id.</u> at 182-83.

United States v. Bell, 901 F.3d at 471 (finding that the "actual holdings" in Giles and Douglas "hardly provide [the defendant] with support" for the proposition that "the force required to commit Maryland armed robbery can be directed solely against property.").

　　　　　In sum, because Redrick forecloses all of Mr. Anderson's ACCA claims, this Court must conclude that Maryland armed robbery qualifies as a "violent felony" under the ACCA's elements clause.  And because Mr. Anderson's 1992 and 1997 convictions for Maryland armed robbery qualify as "violent felonies"—and he does not dispute that his 1993 conviction for possession of a controlled dangerous substance qualifies as a "serious drug offense," under the ACCA—these three prior convictions are sufficient to classify Mr. Anderson as an "armed career criminal" under the ACCA.  See 18 U.S.C. § 924(e)(1).  Accordingly, Mr. Anderson was rightfully subject to the mandatory minimum sentence of 15 years, or 180 months, on Counts One and Five, and is not entitled to relief on his ACCA claims.  See id.

### B.  The Sentencing Guidelines Claims

　　　　　At the time Mr. Anderson was sentenced, Section 2K2.1(a)(2) of the U.S. Sentencing Guidelines ("U.S.S.G.") required a sentencing enhancement for "career offenders," meaning defendants who had "at least two [prior] felony convictions of either a crime of violence or a controlled substance offense."  U.S.S.G. § 2K2.1(a)(2) (2012).  Mr. Anderson asserts that his prior convictions for Maryland armed robbery do not qualify as "crimes of violence," and that he therefore is not a career offender and is ineligible for Section 2K2.1(a)(2)'s sentencing enhancement.  See Def. Supp. at 3-4.  When he was sentenced, the term "crime of violence" was defined in Section 4B1.2 of the Sentencing Guidelines as:

> [A]ny offense under federal or state law, punishable by
> imprisonment for a term exceeding one year, that—

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a).  And that is still the definition today.  "The first clause is referred to as the 'elements clause.'"  United States v. Sheffield ("Sheffield"), 832 F.3d 296, 312 (D.C. Cir. 2016).  The ACCA's elements clause and Section 4B1.2(a)(1)'s elements clause are identical.  Compare 18 U.S.C. § 924(e)(2)(B) (defining a "violent felony" as a felony offense that ". . . has as an element the use, attempted use, or threatened use of physical force against the person of another."), with U.S.S.G. § 4B1.2(a)(1) (defining a "crime of violence" as a felony offense that ". . . has as an element the use, attempted use, or threatened use of physical force against the person of another.").

Because the U.S.S.G.'s language mirrors the ACCA's, the D.C. Circuit "appl[ies] the ACCA standard to determine whether an offense qualifies as a crime of violence under section 4B1.2."  Sheffield, 832 F.3d at 313 (quoting In re Sealed Case, 548 F.3d 1085, 1089 (D.C. Cir. 2008)); see also United States v. Freeman ("Freeman"), 788 F. App'x 7, 8 (D.C. Cir. 2019) (unpublished); United States v. Andrews, 479 F.3d 894, 897 (D.C. Cir. 2007) (applying ACCA cases directly to U.S.S.G. § 4B1.2 "crime of violence" inquiry).  So for the same reasons that Redrick forecloses Mr. Anderson's argument that Maryland robbery with a deadly weapon does not qualify as a "violent felony" under the ACCA's elements clause, it also "forecloses [his] argument" that the same offense is not a "crime of violence" under Section 4B1.2's elements clause.  See Freeman, 788 F. App'x at 8 ("Redrick makes clear that Maryland robbery with a dangerous weapon is a crime of violence under the Guidelines."); see

13

also United States v. Moore, 149 F. Supp. 3d at 183 (holding that Maryland robbery with a dangerous weapon is a "crime of violence" under Section 4B1.2 of the U.S.S.G.).

In sum, because the Redrick court held that Maryland armed robbery qualifies as a "violent felony" under the ACCA's elements clause, see Redrick, 841 F.3d at 484, this Court must conclude that Maryland armed robbery qualifies as a "crime of violence" under Section 4B1.2's identical elements clause. See U.S.S.G. § 4B1.2(a). And since Mr. Anderson's 1992 and 1997 prior convictions for Maryland armed robbery are two qualifying "crimes of violence" under the Guidelines, he is not entitled to relief on his Sentencing Guidelines claims. See U.S.S.G. § 2K2.1(a)(2).[7]

### C. Mr. Anderson's 18 U.S.C. § 924(c) Claim

Lastly, Mr. Anderson argues that he is "actually innocent" of his Section 924(c) charge. See Def. Supp. at 35-42. Section 924(c)(1)(A) imposes mandatory minimum sentences on defendants convicted of using or carrying a firearm "during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A); see also United States v. Mejia, 502 F. Supp. 3d 387, 390 (D.D.C. 2020) ("[A] defendant commits a § 924(c)(1) offense when he commits some other crime (the 'predicate crime') and, while doing so, possesses a firearm."). "Sentences under Section 924(c) may not run concurrently with any other sentence,

---

[7]     The government argues that though Mr. Anderson's supplemental brief references a "career offender sentence," he "was not sentenced in this case pursuant to U.S.S.G. § 4B1.1." Govt. 2nd Supp. Br. at 1 n.1 (citing Def. 2nd Supp. Br. at 2). The Court unfortunately is unable to determine whether Mr. Anderson was sentenced as a "career offender" because there is no transcript of Mr. Anderson's sentencing hearing. But even assuming that Judge Roberts sentenced Mr. Anderson as a career offender, Mr. Anderson would rightfully have been subject to a sentencing enhancement under Section 2K2.1 of the Sentencing Guidelines because he has two prior convictions for "crimes of violence" under Section 4B1.2's elements clause: his 1992 and 1997 prior convictions for Maryland robbery with a deadly weapon.

including that of the underlying crime of violence or drug trafficking crime." United States v.
Smith, 104 F.4th at 318. Under Section 924(c), a "crime of violence" is a felony offense:

> (A) [that] has as an element the use, attempted use, or threatened
> use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force
> against the person or property of another may be used in the course
> of committing the offense.

18 U.S.C. § 924(c)(3). "The first clause is known as the elements clause; the second is known as
the residual clause." St. Hubert v. United States, 140 S. Ct. 1727, 1728 n.2 (2020)
(Sotomayor, J., respecting the denial of certiorari). In 2019, the Supreme Court held that the
residual clause, 18 U.S.C. § 924(c)(3)(B), is unconstitutionally vague. United States v.
Davis, 588 U.S. 445, 470 (2019). So an offense can qualify as a "crime of violence" only if it
satisfies the elements clause by including, as an element, the actual, attempted, or threatened use
of physical force. See United States v. Smith, 104 F.4th at 318; see also United States v. Duran
("Duran"), Criminal No. 94-0447 (PLF), 2025 WL 1094221, at *3 (D.D.C. Apr. 11, 2025).

    To determine whether an underlying crime satisfies Section 924(c)(3)'s elements
clause, courts must employ a "categorical approach." See United States v. Smith, 104 F.4th
at 319; see also United States v. Abu Khatallah, 316 F. Supp. 3d 207, 212 (D.D.C. 2018). Under
this approach, courts "[ignore] the particular facts of the case" and focus solely on whether the
elements of the crime of conviction necessarily involve the use, attempted use, or threatened use
of physical force as defined in Section 924(c)(3)(A). Mathis v. United States ("Mathis"), 579
U.S. 500, 504 (2016); see also United States v. Kennedy, 133 F.3d 53, 56 (D.C. Cir. 1998) ("A
'crime of violence' . . . [is] ordinarily designated as such by looking to the statutory definition of
the crime, rather than the evidence presented to prove it."); United States v. Smith, 104 F.4th
at 319; United States v. Alazo, Criminal No. 20-0131 (ABJ), 2023 WL 8648827, at *4 (D.D.C.

Dec. 14, 2023).  Specifically, courts must presume that the defendant's conviction "'rested upon [nothing] more than the least of th[e] acts' criminalized, before determining whether even those acts are encompassed by the generic federal offense." Moncrieffe v. Holder ("Moncrieffe"), 569 U.S. 184, 191 (2013) (quoting Johnson v. United States, 559 U.S. 133, 137 (2010)).  If the least culpable conduct criminalized under the relevant statute satisfies Section 924(c)(3)'s elements clause, then the defendant's conviction is a crime of violence.  See United States v. Clark ("Clark"), Criminal No. 10-0133 (PLF), 2024 WL 4263866, at *3 (D.D.C. Sept. 23, 2024).

Mr. Anderson argues that his predicate offense of federal armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d) is not a "crime of violence" under Section 924(c)(3)'s elements clause "because it does not require the intentional use, attempted use, or threatened use of violent, physical force." See Def. Suppl. at 4-5.  Section 2113 reads in relevant part:

> (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association . . . [s]hall be fined under this title or imprisoned not more than twenty years, or both.
>
> . . .
>
> (d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

18 U.S.C. § 2113(a) and (d).  Recall that Mr. Anderson was convicted of federal armed bank robbery in violation of both Section 2113(a) and Section 2113(d). See Judgment at 1.

The Court does not start from a blank slate in determining whether federal armed bank robbery under Sections 2113(a) and (d) is a "crime of violence":  In Burwell, the D.C. Circuit applied the categorical approach to Section 2113(a) and determined that a defendant

16

could commit federal bank robbery by "extortion," as well as by "force and violence, or by intimidation." Burwell, 122 F.4th at 986, 980. The court of appeals found that extortion "can be accomplished using a threat of something other than violence," and so Section 2113(a) criminalizes conduct that does not require "the use or threat of force." Id. at 989, 986. Federal bank robbery under Section 2113(a) therefore "does not qualify as a 'crime of violence' under 18 U.S.C. § 924(c)" because it does not satisfy Section 924(c)(3)'s elements clause. Id. at 997.

But the court in Burwell "expressly declined to consider whether armed bank robbery under § 2113(d) qualifies as a § 924(c) crime of violence." Govt. 3d Supp. Br. at 3; see Burwell, 122 F.4th at 989 n.1. Thus, it is left to this Court to resolve the question of whether federal armed bank robbery under Section 2113(d) is categorically a "crime of violence" under Section 924(c)(3)'s elements clause.[8]

The Court concludes that it is. Starting with the plain text of the statute, a conviction under Section 2113(d) requires the government to first prove that the defendant committed or attempted to commit "any offense defined in [Sections 2113(a) and (b)]." 18 U.S.C. § 2113(d). "Section 2113(d) thus incorporates each subsection's elements," in that "[i]t can be violated by committing one predicate crime from a menu of options set forth in § 2113(a) and (b)." United States v. Jordan ("Jordan"), 96 F.4th 584, 591 (3d Cir. 2024). Second, the

---

[8]     Mr. Anderson suggests that Burwell entirely resolves the instant case. See Def. 3d Supp. Br. at 2 ("For the reasons stated in the Circuit's decision in [Burwell], Mr. Anderson's § 2255 motion should be granted as to his § 924(c) conviction forthwith."). But the record is clear: Mr. Anderson was convicted of armed bank robbery under Section 2113(a) and Section 2113(d). See Judgment at 1. As discussed, the D.C. Circuit's holding in Burwell only addressed federal unarmed bank robbery under Section 2113(a). See Knight v. United States, 936 F.3d 495, 500-01 (6th Cir. 2019) (explaining that the "use of a deadly weapon can transform less-than-violent-physical force into violent physical force."); United States v. Verwiebe, 874 F.3d 258, 261 (6th Cir. 2017) (holding that an offense "involves violent force because it proscribes common law assault with a dangerous weapon, not simple common law assault."), abrogated on other grounds by Borden v. United States, 593 U.S. 420 (2021).

government must prove that the defendant, in committing or attempting to commit that offense, either "assault[ed] any person, or put[ ] in jeopardy the life of any person by the use of a dangerous weapon or device."  18 U.S.C. § 2113(d); see also Peek v. United States, 760 F. Supp. 3d 253, 265 (D.N.J. 2024) ("[T]he most natural reading of § 2113(d) is that a bank robbery under § 2113(d) . . . always requires that the defendant assault or jeopardize the life of any person with a dangerous weapon.").  So to determine whether Section 2113(d) is a crime of violence under Section 924(c)(3)'s elements clause, the Court must analyze whether a defendant can "assault[] any person, or put[] in jeopardy the life of any person by the use of a dangerous weapon or device" in violation of Section 2113(d) without using, attempting to use, or threatening to use physical force.  United States v. Johnson, 899 F.3d 191, 203-04 (3d Cir. 2018).

The Court finds that "[o]ne cannot assault a person, or jeopardize his or her life with a dangerous weapon, unless one uses, attempts to use, or threatens physical force."  United States v. Johnson, 899 F.3d at 204; see also Williams v. United States, Criminal No. 23-5975, 2024 WL 1911097, at *4 (6th Cir. Apr. 17, 2024) (unpublished) (holding the same).  To start, the least culpable conduct under Section 2113(d) is "assault[ing] a person . . . by the use of a dangerous weapon or device" in committing or attempting to commit one of the offenses criminalized by Sections 2113(a) or (b).  See 18 U.S.C. § 2113(d); see also United States v. Levi, 45 F.3d 453, 456 (D.C. Cir. 1995)  ("§ 2113(d) penalizes 'the use of a dangerous weapon,' not merely threatening or putting someone in fear."); United States v. Armour, 840 F.3d 904, 909 (7th Cir. 2016) ("Under § 2113(d), the 'assault' putting the victim in fear must be 'by the use of a dangerous weapon or device.'").  And the D.C. Circuit has interpreted the word "assault" in Section 2113(d) to mean "placing others in 'immediate apprehension of personal injury.'"  United States v. Ray, 21 F.3d 1134, 1140 (D.C. Cir. 1994) (quoting Ladner v. United

States, 358 U.S. 169, 173 (1958)) (emphasis added).  Putting these definitions together, the least

a defendant would need to do to violate Section 2113(d) is to "plac[e] others in 'immediate

apprehension of personal injury," id., "by the use of a dangerous weapon or device."  18 U.S.C.

§ 2113(d).  This conduct easily satisfies Section 924(c)(3)'s elements clause because it "has as an

element the use, attempted use, or threatened use of physical force."  18 U.S.C. § 924(c)(3)(A)

(emphasis added); see Armour, 840 F.3d at 909 (holding that "robbery by assault" under

Section 2113(d) satisfies Section 924(c)'s elements clause because "[t]he victim's fear of bodily

harm is necessarily fear of violent physical force that is inherent in armed bank robbery.").

        Mr. Anderson resists this conclusion, and advances several arguments for why

federal armed bank robbery under Sections 2113(a) and (d) is not categorically a "crime of

violence" under Section 924(c)(3)'s elements clause.[9]  First, he argues that "assaulting another

person with a dangerous weapon or putting that person's life in jeopardy with a dangerous

weapon does not require the threat or use of violent physical force."  Def. Supp. at 40 (emphasis

in original).  But the Supreme Court has defined "violent force" as "force capable of causing

physical pain or injury to another person.'"  Johnson, 559 U.S. at 140 (emphasis added).  And as

the D.C. Circuit has explained, "[a]ssault is an offense against an individual, and adding a

dangerous weapon into the mix makes the crime an inherently violent one" because "[u]se of that

weapon as part of the crime materially increases the risk that violence will ensue."  United

States v. Brown, 892 F.3d 385, 403 (D.C. Cir. 2018).  The Court struggles to see how a robber

---

        [9]        Many of Mr. Anderson's arguments hinge on whether federal unarmed bank
robbery under Section 2113(a) can be committed without the use of the force specified in
Johnson.  See, e.g., Def. Supp. at 36-38 (arguing that federal bank robbery under Section 2113(a)
can be accomplished by "intimidation," which does not "require the use, attempted use, or
threatened use of 'violent force.'"); Def. Supp. Rep. at 6-7 (arguing the same for federal bank
robbery under Section 2113(a) that is committed by "extortion.").  Because the Burwell court
confirmed that Section 2113(a) is a "crime of violence" under Section 924(c)(3)'s elements
clause, the Court need not address Mr. Anderson's arguments on that front.

could "materially increase[ ] the risk that violence will ensue," <u>id.</u>, during a robbery by using a dangerous weapon without, at a minimum, employing force <u>capable</u> of causing physical injury.

   Mr. Anderson also argues that a defendant could commit federal armed bank robbery under Sections 2113(a) and (d) "without any intent to threaten or use violent physical force." Def. Supp. at 41. For example, "a defendant can violate [Section 2113(d)] merely by carrying a gun during the bank robbery because 'he fe[els] secure with it,' even though he has no intent to intimidate another." <u>Id.</u> (quoting <u>United States v. Martinez-Jimenez</u> ("<u>Martinez-Jimenez</u>"), 864 F.2d 664, 667 (9th Cir. 1989)). A defendant also need not "brandish the weapon 'in a threatening manner' or 'make assaultive use of the device'" in order to violate Section 2113(d). <u>Id.</u> (quoting <u>Martinez-Jimenez</u>, 864 F.2d at 667). From this, Mr. Anderson concludes that Section 2113(d) "does not satisfy the intentional mens rea requirement." <u>Id.</u>

   The Court agrees that in order for Section 2113(d) to qualify as a "crime of violence" under Section 924(c)(3)'s elements clause, it must require the purposeful or knowing—not just reckless—use of physical force. <u>See</u> <u>Borden v. United States</u> ("<u>Borden</u>"), 593 U.S. 420, 445 (2021). But Mr. Anderson's arguments fail because "both the assault and the putting-in-jeopardy variants under [Section 2113(d)] require intentional conduct." <u>Williams v. United States</u>, Criminal No. 15-10015 (JDB), 2023 WL 5672847, at *14 n.10 (W.D. Tenn. Sept. 1, 2023). This is because regardless of the means by which a defendant violates Section 2113(d), he must still "use" the dangerous weapon or device. <u>See</u> 18 U.S.C. § 2113(d) (". . . by the <u>use</u> of a dangerous weapon or device) (emphasis added). And "using" a dangerous weapon or device requires, at minimum, some sort of "active deployment," rather than negligent or reckless deployment, of the weapon or device. <u>United States v. Odom</u>, 329 F.3d 1032, 1036 (9th Cir. 2003); <u>see also</u> <u>Jordan</u>, 96 F.4th at 594-95 (holding that "an armed bank robbery (a

§ 2113(d) violation predicated on § 2113(a)'s first paragraph) always involves purposely or knowingly using, attempting to use, or threatening to use force."); United States v. Buck, 23 F.4th 919, 929 (9th Cir. 2022) ("It is well-settled that [Section] 2113(d) requires 'that the robber knowingly made one or more victims at the scene of the robbery aware that he had a gun, real or not.'" (quoting United States v. Henry, 984 F.3d 1343, 1358 (9th Cir. 2021))).  Because committing armed bank robbery under Section 2113(d) requires the purposeful or knowing—not just reckless—use of physical force, Section 2113(d) satisfies Borden's mens rea requirement.

In sum, the Court finds that the least culpable conduct criminalized under Section 2113(d)—that is, "assault[ing] any person" by the use of a dangerous weapon—satisfies Section 924(c)(3)'s elements clause because it "has as an element the use, attempted use, or threatened use of physical force."  18 U.S.C. § 924(c)(3)(A).  Section 2113(d) therefore qualifies as a "crime of violence" under Section 924(c)(3)(A).  See United States v. Lucero, 860 F. App'x 589, 594 (10th Cir. 2021) (concluding that "armed bank robbery is categorically a "crime of violence" within the definition of that term in § 924(c)(3)'s elements clause."); In re Pollard, 931 F.3d 1318, 1321 (11th Cir. 2019) ("armed robbery of a bank qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause." (citing In re Hines, 824 F.3d at 1336-37 (11th Cir. 2016))).  And because Mr. Anderson's Section 924(c) conviction was predicated on a qualifying "crime of violence," he is not entitled to relief on his Section 924(c) claim.

For these reasons, it is hereby

ORDERED that defendant Jesse Toussaint Anderson's Motion Under 28 U.S.C.

§ 2255 to Vacate, Set Aside, or Correct Sentence [Dkt. No. 22], as amended by his Supplemental

Motion to Vacate Judgment Under 28 U.S.C. § 2255 [Dkt. No. 25], is DENIED.

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 7/9/25