UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 02-0008 (PLF) |
| JESSE TOUSSAINT ANDERSON, | ) ) | Civil Action No. 16-1181 (PLF) |
| Defendant. | ) ) ) | |

MEMORANDUM OPINION AND ORDER

On July 10, 2025, the Court denied defendant Jesse Toussaint Anderson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Def. Mot.") [Dkt. No. 22], as amended by his Supplemental Motion to Vacate Judgment Under 28 U.S.C. § 2255 ("Def. Supp.") [Dkt. No. 25]. See United States v. Anderson ("Anderson"), Criminal No. 02-008 (PLF), 2025 WL 2046406 (D.D.C. July 10, 2025); see also Opinion and Order [Dkt. No. 68]. Mr. Anderson appealed the Court's decision on September 3, 2025. See Notice of Appeal [Dkt. No. 69]. However, "an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255 . . . [u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Accordingly, on September 5, 2025, the D.C. Circuit ordered Mr. Anderson's appeal to be held in abeyance pending a determination from this Court as to whether a certificate of appealability is warranted. See Order of USCA [Dkt. No. 71].

Upon careful consideration of the relevant legal authorities, and for the reasons explained below, the Court finds that a certificate of appealability is warranted in this case.

## I. BACKGROUND

The Court presumes familiarity with the history of this case, which is described at length in the Court's recent opinion. See Anderson, 2025 WL 2046406, at *1-3. What follows is an overview of the facts relevant to the Court's issuance of a certificate of appealability.

On January 9, 2002, a grand jury returned a five-count indictment against Jesse Toussaint Anderson: two counts of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d) (Counts One and Three), two counts of use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (Counts Two and Four), and one count of unlawful possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(e) (Count Five). See Indictment [Dkt. No. 7]. Regarding Count Two, the grand jury alleged that the "crime of violence" underlying Mr. Anderson's Section 924(c) charge was the armed bank robbery specified in Count One. See Indictment at 2. On March 15, 2002, Mr. Anderson pled guilty to Counts One, Two, and Five of the indictment: one count of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d) (Count One), one count of use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (Count Two), and unlawful possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(e) (Count Five). See Plea Agreement [Dkt. No. 20].

The Presentence Investigation Report ("PSR") prepared before Mr. Anderson's sentencing hearing listed nine prior criminal convictions, including a 1992 conviction for Maryland robbery with a deadly weapon, a 1993 conviction for Maryland possession of a controlled dangerous substance with intent to distribute, and a 1997 conviction for Maryland robbery with a deadly weapon. See Anderson, 2025 WL 2046406, at *2. Because Mr. Anderson was convicted under the Armed Career Criminal Act ("ACCA"), see 18 U.S.C.

§ 924(e), the PSR classified him as an "armed career criminal" for purposes of determining his offense level under the United States Sentencing Guidelines ("U.S.S.G."). See Anderson, 2025 WL 2046406, at *1. At an offense level of 31 and a Criminal History category of VI, the PSR determined that Mr. Anderson's sentencing guidelines range for Counts One and Five grouped together was between 188 and 235 months of imprisonment, to run concurrently, plus an additional mandatory minimum term of 84 months for his Section 924(c) charge under Count Two, to run consecutively. See id. at *2; see also 18 U.S.C. § 924(c)(l)(A)(ii).

On May 29, 2002, Judge Richard W. Roberts sentenced Mr. Anderson to an aggregate term of 384 months in prison: 300 months on Counts One and Five grouped, and 84 months on Count Two. See Judgment in a Criminal Case ("Judgment") [Dkt. No. 12] at 1. Judge Roberts ordered that the sentences for Counts One and Five run concurrently, while the 84-month sentence on Count Two—the Section 924(c) charge—would run consecutively. See Judgment at 2. Mr. Anderson is currently projected to be released from the Federal Bureau of Prisons on December 8, 2030. See Inmate Locator, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/mobile/find_inmate/index.jsp (search for Reg. No. 24604-016).

On June 20, 2016, Mr. Anderson filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, challenging his conviction under 18 U.S.C. § 924(c), his sentence under the ACCA, see 18 U.S.C. § 924(e), and his sentence under U.S.S.G. § 2K2.1. See Def. Mot. On October 26, 2016, Mr. Anderson supplemented his Section 2255 motion, arguing that in light of the Supreme Court's decision in Johnson v. United States, 576 U.S. 591 (2015), he does not qualify as an armed career criminal and is ineligible for a sentencing enhancement under U.S.S.G. § 2K2.1(a)(2) because his prior convictions for Maryland robbery with a deadly weapon do not qualify as "violent felonies" or "crimes of

3

violence." Def. Supp. at 3-4.  Mr. Anderson further argued that he is "actually innocent" of the Section 924(c) charge because federal armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d) is not a "crime of violence" under Section 924(c)'s elements clause.  Def. Supp. at 4-5.

On July 10, 2025, this Court denied Mr. Anderson's Section 2255 motion. See Anderson, 2025 WL 2046406, at *10.  First, the Court noted that in United States v. Redrick ("Redrick"), 841 F.3d 478 (D.C. Cir. 2016), the D.C. Circuit held that Maryland robbery with a deadly weapon, or "Maryland armed robbery," qualifies as a "violent felony" under the ACCA's elements clause.  See Anderson, 2025 WL 2046406, at *5 (citing Redrick, 841 F.3d at 484). This Court therefore rejected Mr. Anderson's arguments to the contrary.  See id. at *3-6.

Second, "for the same reasons that Redrick forecloses Mr. Anderson's argument that Maryland robbery with a deadly weapon does not qualify as a 'violent felony' under the ACCA's elements clause," the Court found that Redrick also forecloses Mr. Anderson's argument that Maryland robbery with a deadly weapon is not a "crime of violence" under U.S.S.G. § 4B1.2's identical elements clause.  See id. at *6 (citing United States v. Freeman, 788 F. App'x 7, 8 (D.C. Cir. 2019) (explaining that "Redrick makes clear that Maryland robbery with a dangerous weapon is a crime of violence under the [Sentencing] Guidelines.")).

Lastly, the Court considered whether federal armed bank robbery under 18 U.S.C. §§ 2113(a) and (d) is a "crime of violence" under Section 924(c)(3)'s elements clause.  See 2025 WL 2046406, at *7-10.  The Court turned first to United States v. Burwell ("Burwell"), 122 F.4th 984 (D.C. Cir. 2024), in which the D.C. Circuit held that federal bank robbery under Section 2113(a) is not categorically a "crime of violence" under Section 924(c)(3)'s elements clause because a defendant could commit federal bank robbery by "extortion," as well as by "force and violence."  Anderson, 2025 WL 2046406, at *8 (citing Burwell, 122 F.4th at 986).

4

But in Burwell, the court of appeals expressly declined to consider whether federal armed bank robbery under Section 2113(d) is categorically a "crime of violence" under Section 924(c)(3)'s elements clause. See Anderson, 2025 WL 2046406, at *8 (citing Burwell, 122 F.4th at 989 n.1). And because Mr. Anderson was convicted of federal armed bank robbery under both Section 2113(a) and Section 2113(d), it was "left to this Court to resolve the question of whether federal armed bank robbery under Section 2113(d)" is categorically a "crime of violence" under Section 924(c)(3)'s elements clause. Anderson, 2025 WL 2046406, at *8.

The Court concluded that it is. See Anderson, 2025 WL 2046406, at *10. Specifically, the Court determined that the least culpable conduct criminalized under Section 2113(d)—"assault[ing] a person . . . by the use of a dangerous weapon or device," see 18 U.S.C. § 2113(d)—"easily satisfies Section 924(c)(3)'s elements clause because it 'has as an element the use, attempted use, or threatened use of physical force.'" Anderson, 2025 WL 2046406, at *9 (quoting 18 U.S.C. § 924(c)(3)(A)). And because Mr. Anderson's Section 924(c) conviction was predicated on a qualifying "crime of violence," the Court found that Mr. Anderson was "not entitled to relief on his Section 924(c) claim." See id. at *10.

Mr. Anderson appealed the Court's decision on September 3, 2025, see Notice of Appeal, but the D.C. Circuit ordered his appeal to be held in abeyance pending a determination from this Court as to whether a certificate of appealability is warranted. See Order of USCA.

## II. LEGAL STANDARD

In a proceeding brought under 28 U.S.C. § 2255, the applicant cannot take an appeal unless a circuit judge or district judge first issues a certificate of appealability. See FED. R. APP. P. 22(b)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make

5

such a showing, Mr. Anderson "need not show that he should prevail on the merits . . . . Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." United States v. Mitchell ("Mitchell"), 216 F.3d 1126, 1130 (D.C. Cir. 2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)) (emphasis and alterations in original); see also Miller-el v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000); United States v. Duran, Criminal No. 94-0447 (PLF), 2025 WL 2220008, at *2 (D.D.C. Aug. 5, 2025); United States v. Clark, Criminal No. 10-0133 (PLF), 2019 WL 4418742, at *1 (D.D.C. Sept. 16, 2019).

### III.   DISCUSSION

In Anderson, the Court held that Maryland armed robbery qualifies as a "violent felony" under the ACCA's elements clause and a "crime of violence" under Section 4B1.2's identical elements clause. See 2025 WL 2046406, at *3-7. The D.C. Circuit—and every circuit court to consider the question—has held the same. See Anderson, 2025 WL 2046406, at *4 (collecting cases). The Court finds that this issue therefore is not "debatable among jurists of reason" such that a certificate of appealability is warranted. Mitchell, 216 F.3d at 1130.

The Court further held that federal armed bank robbery under Sections 2113(a) and (d) qualifies as a "crime of violence" under Section 924(c)(3)'s elements clause because Section 2113(d) categorically requires "the use, attempted use, or threatened use of physical force." See Anderson, 2025 WL 2046406, at *7-10; see also 18 U.S.C. § 924(c)(3)(A). While the Court stands by its analysis of Section 2113(d), it recognizes that the court of appeals might disagree, or may resolve the issue in a different manner. See Mitchell, 216 F.3d at 1130.

In Burwell, the D.C. Circuit held that Section 2113(a)—which criminalizes bank robbery "by force and violence, or by intimidation," or "by extortion,"—does not qualify as a "crime of violence" under Section 924(c)(3)'s elements clause because the first paragraph of the statute is "indivisible as to extortion," and "extortion need not involve the use or threat of force." Burwell, 122 F.4th at 986 (emphasis added). But every other circuit court to consider the question—both before and after Burwell was decided—has reached the opposite conclusion: that the first paragraph of Section 2113(a) is divisible into the separate offenses of bank robbery and bank extortion, and bank robbery under Section 2113(a) qualifies as a "crime of violence" under Section 924(c)(3)'s elements clause. See United States v. Watson, 881 F.3d 782, 786 (9th Cir. 2018); United States v. Evans, 924 F.3d 21, 28 (2d Cir. 2019); King v. United States, 965 F.3d 60, 67-70 (1st Cir. 2020); United States v. Armstrong, 122 F.4th 1278, 1286 (11th Cir. 2024); United States v. Vines, 134 F.4th 730, 733-735 (3d Cir. 2025).

Given the D.C. Circuit's recent departure from its sister circuits on the issue of whether bank robbery under Section 2113(a) is a "crime of violence," and the circuit's express reservation of the question of whether armed bank robbery under Section 2113(d) is a "crime of violence," see Burwell, 122 F.4th at 989 n.1, the Court finds that this question is "adequate to deserve encouragement to proceed further." Mitchell, 216 F.3d at 1130. If the court of appeals finds that armed bank robbery under Sections 2113(a) and (d) does not qualify as a "crime of violence" under Section 924(c)(3)'s elements clause, then Mr. Anderson's Section 924(c) conviction would not be predicated on a qualifying "crime of violence" and he would be entitled to relief on his Section 924(c) claim. Under these circumstances, the Court finds that a certificate of appealability is warranted. See 28 U.S.C. § 2253(c)(2). Accordingly, it is hereby

ORDERED that, the Court having found that a certificate of appealability is warranted, a certificate of appealability will issue for the question of whether federal armed bank robbery under Sections 2113(a) and (d) is a "crime of violence" under Section 924(c)(3)'s elements clause. No certificate of appealability will issue with respect to the defendant's claims for relief under the ACCA or the United States Sentencing Guidelines; and it is

FURTHER ORDERED that the Clerk of this Court is directed to transmit a copy of this Memorandum Opinion and Order to the court of appeals.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE: 9/24/25